**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**


**MELVIN SUMMERVILLE,**                                                        **PETITIONER**

**V.**                                                                               **NO. 3:03CV88-WAP**
                                                                          **(Crim. No. 4:98CR114-WAP)**


**UNITED STATES OF AMERICA,**                                               **RESPONDENT**


**OPINION DENYING**
**PETITION PURSUANT TO 28 U.S.C. § 2255**


This cause of action is before the court on the motion of Petitioner for post conviction relief. He contends that the his sentence should be set aside because the United States breached the plea agreement by failing to file a Rule 35 motion on his behalf; the presentence investigative report ("PSR") included an exaggerated offense level and penalty range; and, his counsel was ineffective by failing to object to the PSR and ensuring a Rule 35 motion was filed.

On October 23, 1998, Petitioner was indicted on one count of conspiring to possess with intent to distribute cocaine base and one count of possession with intent to distribute cocaine base. On March 31, 1999, with the assistance of counsel, Petitioner entered into a plea agreement and plead guilty to possession with intent to distribute cocaine base. Petitioner appeared before the court and entered a knowing and voluntary plea of guilty. On June 30, 1999, Petitioner was sentenced to 151 months imprisonment–the lowest suggested sentence under the guidelines. Petitioner did not file an appeal with the Fifth Circuit. Rather, on May 6 and 24, 2003, Petitioner filed a motion and amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996, which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. This Act amended § 2255 to provide for a one-year statute of limitations, which shall run from the latest of -

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Petitioner was convicted on June 30, 1999. Since no direct appeal was taken, his conviction became final for purposes of Section 2255(1) on July 10, 1999, the last day on which he could have appealed the judgment to the Fifth Circuit Court of Appeals. *See*, Fed. R. App. P. 4(b)(1)(A) (notice of appeal must be filed ten days after judgment being entered). Thus, the one-year limitation period began to run on July 10, 1999, the day his conviction became final and expired one year later on July 10, 2000. Yet, Petitioner did not file his motion 2255 motion until May 9, 2003; nearly three years too late. Under these circumstances, Petitioner's motion is untimely and is subject to dismissal absent a showing that an alternate date for commencement of the limitations period should be applied under Section 2255(2)-(4) or that the period should be equitably tolled.

None of the alternate provision for the commencement of the limitations period applies. There has been no governmental action that precluded Petitioner from bringing this motion at an earlier date. There has not been and Petitioner does not allege the existence of a newly rendered Supreme Court decision that would retroactively apply to his case. Finally, Petitioner has not shown

that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final. To the contrary, Petitioner and his counsel were made aware of a mistake in the potential penalty range in the indictment and the PSR before his plea of guilty was entered.

The application of equitable tolling is rare and used only in exceptional circumstances not found here. *U.S. v. Patterson*, 211 F.3d 927 (5th Cir. 2000). Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the one-year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The Fifth Circuit has approved equitable tolling in very limited circumstances, "principally where the palintiff is actively misled by the defendan about the cause of action or is prvented in some extraordinary way from asserting his rights." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002).

Given the absence of any rare or exceptional circumstances to warrant equitable tolling, Petitioner's motion is untimely. Petitioner had until July 10, 2000, to file a 2255 petition in federal court. It was not filed until May 9, 2003, almost three years after the allowable time. Consequently, the petition is time barred and must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 15th day of September, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE